UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 5:21 CR 370 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Toddell Alexander | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon defendant's Motion under 28 U.S.C.§ 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 57). For the following reasons, the motion is DENIED.

### Facts

Following a traffic stop, police found a pistol under the driver's seat of defendant's car. Defendant was charged with unlawful possession of a firearm, knowing that he had been previously convicted of a felony criminal offense, in violation of 18 U.S.C. § 922(g)(1) and §

1

924(a)(2). Defendant entered into a plea agreement which contemplated that his prior felony convictions might qualify him for an enhanced penalty under 18 U.S.C. § 924(e) (the Armed Career Criminal Act, or ACCA) and the application of the Sentencing Guidelines's associated armed career criminal enhancement, USSG § 4B1.4. Defendant retained the right to appeal this Court's determination of his criminal history category and Guidelines range, as well as the denial of his motion to suppress statements he made while seated in the police cruiser during the traffic stop. The Presentence Investigation Report (PSR) generated for defendant identified four prior felony convictions for crimes of violence as defined by the Guidelines: aggravated robbery and felonious assault convictions from 2005, and two felony domestic violence convictions under Ohio Rev. Code § 2919.25(A) from 2011 and 2013. At sentencing, this Court rejected defendant's objections to the PSR's conclusions, arguing, *inter alia*, that the Ohio domestic violence statute was too broadly worded for his convictions to qualify as a crime of violence for ACCA purposes. Defendant was sentenced to a term of imprisonment of 15 years, the mandatory minimum sentence for a conviction under 18 U.S.C. § 922(g) based on his four previous convictions for violent felonies.

Defendant appealed his sentence. He challenged this Court's conclusion that the prior convictions constituted ACCA violent felonies, as well as the denial of his motion to suppress statements. The Sixth Circuit affirmed the judgment because this Court properly classified defendant as an armed career offender based on his multiple convictions for domestic violence under Ohio law, and because the Court properly found that defendant was not in custody when he made the challenged statements. *United States v. Alexander,* No. 22-3448 (6th Cir. March 29, 2023).

This matter is now before the Court upon defendant's Motion under 28 U.S.C.§ 2255 to Vacate, Set Aside, or Correct Sentence.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). "When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing."*O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

**Discussion**

Defendant sets forth four grounds for relief. Ground One asserts that his prior Ohio domestic violence offense does not qualify as a violent felony for sentence enhancement. Ground Two asserts ineffective assistance of appellate counsel. Ground Three asserts ineffective assistance of trial counsel at sentencing. Ground Four asserts that this Court erred

3

in denying the motion to suppress.

Grounds One and Four were raised and rejected on direct appeal. Consequently, defendant cannot relitigate them here. "A movant may not use a § 2255 motion "to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law."*Scott v. United States*, 2018 WL 5879812, at *2 (6th Cir. Aug. 16, 2018)(quoting *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999)); *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quoting *United States v. Brown*, 1995 WL 465802, at *1 (6th Cir. Aug. 4, 1995) ("A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances.") Exceptional circumstances or an intervening change in the law do not exist here. Accordingly, these claims fail.

Grounds Two and Three assert ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 88, 694 (1984). Counsel is presumed to have provided effective assistance, and a petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616 17 (6th Cir. 2003). In attempting to establish that an attorney's performance was deficient, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 687-88. An error by counsel, "even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. Deficiencies in counsel's performance must instead "be prejudicial to the defense in order to constitute ineffective

4

assistance under the Constitution." *Id.* at 692. It is not enough for the defendant to show "that the errors had some conceivable effect on the outcome of the proceeding" as virtually "every act or omission of counsel would meet this test." *Id*. at 693. To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

In Ground Two, defendant maintains that his appellate counsel should have sought *en banc* review regarding his classification as an armed career criminal. Defendant simply assumes that had such review been requested, it would have been granted, and would have "resulted in a reversal." (Doc. 57 at 6). However, defendant fails to support his assumptions and, consequently, does not show that his appellate counsel was deficient or that prejudice resulted.

In Ground Three, defendant contends that his trial counsel conceded a "valuable argument regarding his guideline points" at sentencing, and this resulted in the sentencing enhancement. However, as the government points out, defendant's counsel filed an objection to the PSR on this issue. The Court considered arguments at sentencing. Because the Court considered defendant's arguments and objections to the PSR, defendant fails to show prejudice.

For these reasons, defendant's claims do not warrant relief.

**Conclusion**

For the foregoing reasons, defendant's Motion under 28 U.S.C.§ 2255 to Vacate, Set Aside, or Correct Sentence is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is

no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

    IT IS SO ORDERED.

Dated: 4/15/24

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge